## HALLIDAY v YORK LAKE CO
## HALLIDAY v RICHMOND IMPROVEMENT CO
## HALLIDAY v INLAND PROPERTIES CO

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 11060 & 11061. Decided May 23, 1932

Farquharson, Curtiss, Gillie, Gustafson and Miller, Cleveland, for Robert Halliday.

Mooney, Hahn, Loeser, Keough and Beam, Cleveland, for Peter Halliday.

Francis J. Horvath, Receiver, Cleveland, in Person.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ (5th Dist), sitting.

### SHERICK, PJ.

No useful purpose will be served in reciting the involved facts in these cases. The matters and questions involved have been repeatedly litigated, and the only query presented here must and does turn on the question as to whether or not the real estate standing in the name of the corporations is to be treated as real or personal property.

Robert W. Halliday's claims, as an intervening petitioner, to the right of a conveyance from the defendant companies to him, have been adjudicated against him, and that the title to the real estate is properly in the defendant companies. That question therefore is res adjudicata, and taking this finding as our premise, we note that all properties are mortgaged, and that the receiver does not have in his hands sufficient moneys and personal property to pay these liens. It would therefore ordinarily be the duty of the receiver to sell the properties and liquidate the mortgage liens and pay the balance of the proceeds over to the administrator, who has been previously found entitled thereto. This being true, that residue which would come into the receiver's hands would be treated as personalty and distributed as such by the administrator.

It, however, is the desire of all parties interested in these suits that the properties be not sold by the receiver, by reason of the great sacrifice that would follow a public sale, but that the properties be distributed in kind subject to the mortgage liens thereon. Robert W. Halliday maintains that the receiver cannot so convey and that the administrator cannot so receive a deed or deeds for these premises.

Sec 8623-82 GC provides that a receiver may "distribute assets either in cash or in kind among shareholders according to their respective rights after paying or adequately providing for the payment of liabilities, and do and perform all acts necessary or expedient to the winding up of the corporations." It is our opinion that, with no act by the receiver, the lien holders are adequately provided for. A conveyance by him to the administrator, subject to these liens

leaves them fully protected. The administrator as the owner of the corporate stocks must then make his peace with the lienholders if he would avoid the necessity of a sale in probate court, and that court can better administer the assets of the estate than can be done in this court, and the rights of all parties be fully protected.

This court as one of equity considering all claims, liens and desires of the parties, sees no reason why the administrator is not entitled to receive a conveyance of the properties from the receiver of the companies. Such is no doubt of benefit to the estate; and exercising the broad equity powers reposed in us in this unique situation, it is the order of this court that that portion of the motions of the plaintiff, Peter Halliday, pertaining to an order directing the receiver to execute and deliver deeds (in kind) to the administrator, subject to the mortgage liens is sustained; all other motions considered are overruled.

An entry may be drawn in each case to that effect, therein providing that the real estate so ordered conveyed is considered and to be treated as personal property and distribution made in accordance therewith, whether sale be had or not had in the probate court. Exceptions noted.

LEMERT and MONTGOMERY, JJ, concur.